**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LUIS YLLANES, | Case No. 1:20-cv-3963 (JSR) |
| Plaintiff, | |
| v. | |
| LORRAINE SCHWARTZ, INC., | |
| Defendant. | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR AN
ORDER REQUIRING PLAINTIFF TO POST A BOND**

## TABLE OF CONTENTS

<u>Page</u>

INTRODUCTION ............................................................................................ 5

FACTUAL BACKGROUND ........................................................................... 5

ARGUMENT .................................................................................................. 7

      A.     Plaintiff Will Likely Be Required to Pay LSI's Legal Costs and Attorneys'
              Fees ......................................................................................... 8

      B.     Mr. Liebowitz's Well-Documented History of Violating Court Orders
              Weighs In Favor Of A Bond Here .................................................. 12

      C.     A Bond In the Amount of $25,000 Is Warranted............................... 13

CONCLUSION.............................................................................................. 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*BanxCorp v. Costco Wholesale Corp.*,
   723 F. Supp. 2d 596 (S.D.N.Y. 2010)........................................................................9

*Cruz v. American Broadcasting Companies, Inc.*,
   No. 17-cv-8794 (LAK), 2017 WL 5665657 (S.D.N.Y. Nov. 17, 2017)....................7

*Excelsior Capital LLC v. Allen*,
   536 F. App'x 58 (2d Cir. 2013)...............................................................................10

*Fameflynet, Inc. v. Shoshanna Collection, LLC*,
   282 F. Supp. 3d 618 (S.D.N.Y. 2017).....................................................................11

*Graham v. Prince*,
   265 F. Supp. 3d 366 (S.D.N.Y. 2017).......................................................................9

*Granger v. Gill Abstract Corp.*,
   566 F. Supp. 2d 323 (S.D.N.Y. 2008).....................................................................10

*Hubbell v. Trans World Life Ins. Co. of N.Y.*,
   50 N.Y.2d 899 (1980)..............................................................................................10

*Lee v. W Architecture & Landscape Architecture, LLC*,
   No. 18 CV 05820 (PKC)(CLP), 2019 WL 2272757 (E.D.N.Y. May 28, 2019) ......8

*Liebowitz v. Galore Media, Inc.*,
   No. 18-cv-2626, 2018 WL 4519208 (S.D.N.Y. Sept. 20, 2018) .........................8, 13

*Mango v. Democracy Now! Prods., Inc.*,
   No. 18CV10588 (DLC), 2019 WL 3325842 (S.D.N.Y. Jul. 24, 2019)................8, 13

*Reynolds v. Hearst Communications*,
   NO. 17-cv-6720 (DLC), 2018 WL 1229840 (S.D.N.Y. Mar. 5, 2018) ....................8

*Rice v. Musee Lingerie, LLC*,
   No. 18-CV-9130 (AJN), 2019 WL 2865210 (S.D.N.Y. July 3, 2019),
   *reconsideration denied*, No. 18-CV-9130 (AJN), 2019 WL 6619491
   (S.D.N.Y. Dec. 5, 2019)...........................................................................................7, 8

*Rocanova v. Equitable Life Assur. Soc. of U.S.*,
   83 N.Y.2d 603 (1994)...............................................................................................11

*Sadowski v. Ziff Savis LLC*,
   No. 20-CV-2244 (DLC), 2020 WL 3397714 (S.D.N.Y. June 19, 2020).........7, 8, 13

*Sailor Music v. IML Corp.*,
    867 F. Supp. 565 (E.D. Mich. 1994)..................................................................12

*Seidman v. Authentic Brand Grp LLC*,
    No. 19-CV-8343 (LJL), 2020 WL 1922375 (S.D.N.Y. April 21, 2020) ..................................9

*Selletti v. Carey*,
    173 F.R.D. 96 (S.D.N.Y. 1997), *aff'd* 173 F.3d 104 (2d. Cir. 1999)......................................7

*The Football Ass'n Premier League Ltd. v. YouTube, Inc.*,
    633 F. Supp. 2d 159 (S.D.N.Y. 2009)..................................................................10

*TVT Records v. Island Def. Jam Music Grp.*,
    262 F. Supp. 2d 185 (S.D.N.Y. 2003)..................................................................10

*TVT Records v. Island Def Jam Music Grp.*,
    279 F. Supp. 2d 366 (S.D.N.Y. 2003), *rev'd and remanded*, 412 F.3d 82 (2d
    Cir. 2005)..................................................................................................10

*U.S. for Use & Benefit of Evergreen Pipeline Const. Co. v. Merritt Meridian
Const. Corp.*,
    95 F.3d 153 (2d Cir. 1996)..............................................................................11

*Usherson v. Bandshell Artist Management*,
    No. 19-CV_6368 (JMF), 2020 WL 3483661 (S.D.N.Y. June 26, 2020)................................12

*Viacom Int'l Inc. v. Youtube, Inc.*,
    540 F. Supp. 2d 461 (S.D.N.Y. 2008)..................................................................10

*Virgilio v. City of New York*,
    407 F.3d 105 (2d Cir. 2005)..............................................................................10

*Wilson v. D'Apostrophe Design, Inc.*,
    20-CV-0003 (LAK) (KHP), 2020 WL 4883849 (S.D.N.Y Aug. 20, 2020) .............8, 9, 12, 13

**Statutes**

17 U.S.C. § 106......................................................................................................6

17 U.S.C. § 412......................................................................................................6

17 U.S.C. § 501......................................................................................................6

17 U.S.C. § 504......................................................................................................6

**Rules**

Fed. R. Civ. P. 68..................................................................................................6

Local Civil Rule 54.2 .................................................................................................................5

Defendant Lorraine E. Schwartz, Inc. ("LSI" or "Defendant") respectfully submits this Memorandum of Law in support of its Motion for an order requiring Plaintiff Luis Yllanes ("Plaintiff") to post a $25,000 bond as security for costs pursuant to Rule 54.2 of this Court's Local Civil Rules ("Local Civil Rule 54.2").[1]

## INTRODUCTION

This case arises from the purportedly unauthorized use of certain photographs of the celebrity Blake Lively on the Instagram account of LSI. Although LSI disputes the allegations in the Complaint, in the interest of a cost-efficient resolution of this case, LSI promptly tendered a Rule 68 offer of judgment for a sum many times greater than any potential judgment in this matter. That offer was ignored.

In at least seven other copyright actions filed in this district by Richard Liebowitz, counsel for Plaintiff, courts have ordered his clients to post a bond as security for costs after a reasonable Rule 68 offer, such as the offer made by LSI here, was rejected. As in those cases, a bond requirement is warranted in this case based on (1) the likelihood that Plaintiff will not obtain a more favorable judgment and will thus be required to pay LSI's post-offer attorneys' fees and costs, and (2) Mr. Liebowitz's well-documented history of violating Court orders.

## FACTUAL BACKGROUND

Plaintiff alleges that he "is a professional photographer in the business of licensing his photographs for a fee." Compl. ¶ 5. Plaintiff purports to be the author and copyright holder of certain photographs of the actress Blake Lively (the "Photographs"). *Id*. ¶¶ 7-8. Plaintiff alleges that in or around August 2018, LSI published the Photographs on her Instagram page without license or authorization. *Id.* ¶¶ 10-11; Ex. B. On April 15, 2020, nearly two years after the

---

[1]   On August 18, 2020, the Court granted Defendant permission to make this motion.

alleged infringement, Plaintiff, through his counsel, allegedly registered the Photographs with the Copyright Office.  Decl. of Donna Halperin ¶ 7.

On May 21, 2010, Plaintiff filed the Complaint, asserting a single claim for copyright infringement pursuant to 17 U.S.C. §§ 106 and 501 and seeking, *inter alia*, an award of "actual damages and Defendant's profits."  Compl. at 4, ¶ 2.  Plaintiff did not demand that the Photographs be removed or request payment of a reasonable license fee from LSI prior to commencing this litigation.  Decl. of Laura O'Boyle ¶ 4.  Once LSI received notice of the lawsuit, it promptly removed the Photographs from its Instagram account.  *Id.* ¶ 5.

Although LSI disputes the allegations in the Complaint, in the interest of a cost-efficient resolution of this case, LSI tendered an Offer of Judgment on July 24, 2020, pursuant to Rule 68 of the Federal Rules of Civil Procedure ("Rule 68 Offer").  *Id.* ¶ 7.  The Rule 68 Offer represented an amount that was nearly 50 times Plaintiff's average licensing fee for the Photographs, as confirmed by licensing fee data provided by Plaintiff in his Rule 26 disclosures. *Id.*  The offer remained open by operation of Rule 68 until August 7, 2020.  Plaintiff did not accept (or even bother to respond to) the Rule 68 Offer, and thus that offer has expired.  *Id.* ¶ 8.

On July 31, 2020, the parties appeared at a teleconference with the Court, during which Plaintiff was directed to submit a declaration certifying under oath the categories of damages that he intended to seek in this action.  By declaration dated August 4, 2020, Plaintiff, through his counsel, affirmed under penalty of perjury that he "does not seek actual damages in this case; but will seek punitive damages."  Decl. of Richard Liebowitz ¶ 3.[2]

---

[2]  Because Plaintiff failed to meet the registration requirements set forth in 17 U.S.C. § 412, Plaintiff has never sought (nor would he be entitled to) an award of statutory damages under 17 U.S.C. § 504.

**ARGUMENT**

Local Civil Rule 54.2 provides, in pertinent part, that "[t]he Court, on motion or on its own initiative, may order any party to file an original bond for costs or additional security for costs in such an amount and so conditioned as it may designate." "Under Local Rule 54.2, security for costs may include attorneys' fees to which a party is potentially entitled by statute." *Selletti v. Carey*, 173 F.R.D. 96, 100 (S.D.N.Y. 1997) (directing copyright plaintiff to post a bond in the amount of $50,000 as security for defendant's attorneys' fees and costs), *aff'd* 173 F.3d 104 (2d. Cir. 1999).

In determining whether to require a party to post a bond under Local Civil Rule 54.2, courts have considered: "[1] the financial condition and ability to pay of the party at issue; [2] whether that party is a non-resident or foreign corporation; [3] the merits of the underlying claims; [4] the extent and scope of discovery; [5] the legal costs expected to be incurred; and [6] compliance with past court orders." *Cruz v. American Broadcasting Companies, Inc.*, No. 17-cv-8794 (LAK), 2017 WL 5665657, at *1 (S.D.N.Y. Nov. 17, 2017) (quoting *Selletti*, 173 F.R.D. at 100-01) (ordering Mr. Liebotwitz's client to show cause why the Court should not require plaintiff to "post security for costs, including attorney's fees, as a condition of proceeding with this action"). "As courts within this circuit have recognized, each factor need not be considered in every case, and, in copyright cases similar to this one, have limited their inquiry to considering the legal costs expected to be incurred and compliance with past court orders." *Sadowski v. Ziff Savis LLC*, No. 20-CV-2244 (DLC), 2020 WL 3397714, *2 (S.D.N.Y. June 19, 2020); *see also Rice v. Musee Lingerie, LLC*, No. 18-CV-9130 (AJN), 2019 WL 2865210, at *1-2 (S.D.N.Y. July 3, 2019) ("Each factor does not need to be considered in every case. . . . The Court only addresses the fifth and sixth factors, which courts in this District frequently consider in copyright

cases of this type."), *reconsideration denied*, No. 18-CV-9130 (AJN), 2019 WL 6619491

(S.D.N.Y. Dec. 5, 2019).  These factors weigh heavily in favor of granting a bond here.

> **A.      Plaintiff Will Likely Be Required to Pay LSI's Legal Costs and Attorneys' Fees**

The fifth *Cruz* factor indisputably tips in LSI's favor: regardless of the outcome of this

case on the merits, it is a near certainty that Plaintiff will recover less than Defendant's good

faith Rule 68 Offer and thus will be required to pay LSI's costs and attorneys' fees in this action.

As courts in this district have routinely held, "[a] copyright defendant is entitled to seek

an award of costs, including attorney's fees, incurred following a Rule 68 offer where the

plaintiff's recovery fails to exceed the offer."  *Mango v. Democracy Now! Prods., Inc.*, No.

18CV10588 (DLC), 2019 WL 3325842, at *4 (S.D.N.Y. Jul. 24, 2019) (citing *Rice*, 2019 WL

2865210, at *3).  Indeed, in at least seven other cases filed in this district, clients of Mr.

Liebowitz have been ordered to post a bond for attorneys' fees and costs after the rejection of a

reasonable Rule 68 offer of judgment.  *See, e.g.*, *Wilson v. D'Apostrophe Design, Inc.*, 20-CV-

0003 (LAK) (KHP), 2020 WL 4883849, at *1 (S.D.N.Y Aug. 20, 2020) (directing plaintiff to

post a bond in the amount of $20,000); *Sadowski*, 2020 WL 3397714, at *1 (directing plaintiff to

post a bond in the amount of $20,000); *Mango*, 2019 WL 3325842, at *6 (directing plaintiff to

post a bond in amount of $50,000); *Rice*, 2019 WL 2865210, at *4 (granting defendant's motion

for a bond); *Lee v. W Architecture & Landscape Architecture, LLC*, No. 18 CV 05820

(PKC)(CLP), 2019 WL 2272757, at *6 (E.D.N.Y. May 28, 2019) (directing plaintiff to post a

bond in the amount of $10,000); *Liebowitz v. Galore Media, Inc.*, No. 18-cv-2626 (RA-HBP),

2018 WL 4519208, at *1–2 (S.D.N.Y. Sept. 20, 2018) (denying plaintiff's motion for

reconsideration of order to post a bond in amount of $10,000); *Reynolds v. Hearst*

*Communications*, NO. 17-cv-6720 (DLC), 2018 WL 1229840, at *5 (S.D.N.Y. Mar. 5, 2018)

(directing plaintiff to post a bond in the amount of $10,000).[3]

Even if Plaintiff prevails on the merits, his recovery will almost certainly be less than

Defendant's Rule 68 Offer. That is even more certain given that Plaintiff recently affirmed

under oath that he will *only* seek punitive damages. For numerous reasons, detailed below,

Plaintiff is unlikely to recover *any* punitive damages in this action, let alone the $30,000 in

punitive damages he identified in his Rule 26(a)(1) disclosures. In other words, Plaintiff will

likely recover *zero* damages even if he prevails on the merits of this lawsuit.[4]

*First*, the vast weight of authority in this circuit holds that punitive damages are *not*

available in an action brought under the Copyright Act, regardless of whether statutory or actual

damages are sought. *See, e.g.*, *Graham v. Prince*, 265 F. Supp. 3d 366, 390 (S.D.N.Y. 2017)

("[A]s a matter of law, punitive damages are not available in infringement actions brought

pursuant to the Copyright Act of 1976."); *BanxCorp v. Costco Wholesale Corp.*, 723 F. Supp. 2d

---

[3]  *Seidman v. Authentic Brand Grp LLC*, No. 19-CV-8343 (LJL), 2020 WL 1922375 (S.D.N.Y. April 21, 2020), in which Judge Liman did not grant a bond, is an outlier with the great weigh of district court authority confirming that a bond for attorneys' fees is warranted here. Moreover, the court in *Seidman* only considered the fifth factor: the legal costs expected to be incurred, without addressing the sixth factor (compliance with past court orders). In terms of the court's analysis of whether a judgment was likely to exceed the Rule 68 offer (and hence shift the costs to plaintiff), it is notable that the defendant's offer in *Seidman* exceeded only "five (5) times Plaintiff's best-case scenario historical licensing fees[,]" whereas the case at bar involves an offer from LSI that was nearly *50 times* Plaintiff's average licensing fee, making it all the more likely that Plaintiff in this case will be subject to Rule 68 cost-shifting.

[4]  To the extent Plaintiff attempts to argue that, because Defendant's offer of judgment did not include an admission of liability, an ultimate finding of liability would make the final judgment "more favorable" than the offer of judgment, regardless of the total monetary award, such an argument has been repeatedly rejected. *See, e.g.*, *Wilson*, 2020 WL 4883849, at *3 (noting that this "recycled legal argument . . . has been repeatedly rejected by courts in this District").

596, 620 (S.D.N.Y. 2010) ("Punitive damages cannot be recovered under the Copyright Act.");

*The Football Ass'n Premier League Ltd. v. YouTube, Inc.,* 633 F. Supp. 2d 159, 167 (S.D.N.Y.

2009) ("There is no circumstance in which punitive damages are available under the Copyright

Act of 1976."); *Granger v. Gill Abstract Corp.,* 566 F. Supp. 2d 323, 330 (S.D.N.Y. 2008)

("Finally, irrespective of whether a plaintiff is seeking actual or statutory damages, punitive

damages are not available under the Copyright Act of 1976.") (internal quotation marks

omitted).[5]

     *Second*, even assuming punitive damages were available under the Copyright Act, they

would likely be foreclosed in this case because Plaintiff is not pursuing any claim for

compensatory damages.  *See Excelsior Capital LLC v. Allen*, 536 F. App'x 58, 60 (2d Cir. 2013)

("[A] request for punitive damages in New York is nonviable 'absent a valid claim for

compensatory damages[.]'") (quoting *Hubbell v. Trans World Life Ins. Co. of N.Y.*, 50 N.Y.2d

899, 901 (1980)); *Virgilio v. City of New York*, 407 F.3d 105, 117 (2d Cir. 2005) ("[W]hile

punitive damages are not curative in nature, under New York law they cannot be invoked

without some compensatory injury.").

     *Third*, such damages would also be foreclosed because Plaintiff has pled no facts that

could support an award of such damages and would not be able to establish them under the facts

here.  The purpose of punitive damages is to "deter egregious conduct" and should only be

---

[5] While the Court in *TVT Records v. Island Def. Jam Music Grp.*, 262 F. Supp. 2d 185
(S.D.N.Y. 2003) found that plaintiff's "claims for punitive damages for copyright
infringement found to be willful are not precluded as a matter of law and can be presented to
the jury," subsequent decisions have concluded that the proposition set forth in *TVT*
regarding the availability of punitive damages under the Copyright Act "is no longer good
law[,]" *see Viacom Int'l Inc. v. Youtube, Inc.,* 540 F. Supp. 2d 461, 463 (S.D.N.Y. 2008), and,
as detailed above, multiple courts that have recently addressed the issue have held that
punitive damages are not available.  In any event, even if punitive damages could be sought
here, they are unlikely to exceed the Rule 68 Offer, as detailed below.

awarded where there is evidence of "a high degree of moral turpitude . . . demonstrating such wanton dishonesty as to imply a criminal indifference to civil obligations[.]" *U.S. for Use & Benefit of Evergreen Pipeline Const. Co. v. Merritt Meridian Const. Corp.*, 95 F.3d 153, 160 (2d Cir. 1996) (internal quotation marks omitted) (quoting *Rocanova v. Equitable Life Assur. Soc. of U.S.*, 83 N.Y.2d 603, 613 (1994)).  Plaintiff has pled no facts that Defendant acted with "moral turpitude" or "criminal indifference to civil obligations[.]"  And Plaintiff could never establish such facts, particularly given that LSI is not a regular copyright defendant, did not seek to compete with Plaintiff, did not take efforts to hide the alleged infringement, has not derived any profits from the alleged infringement, and promptly removed the Photographs upon notice of this lawsuit.  *Cf.* 6 Patry on Copyright § 22:180 (identifying evidence relevant to a finding of willful infringement).[6]

*Fourth*, even if Plaintiff succeeded in establishing willful or wanton conduct (which he will not), an award of punitive damages would almost certainly be minimal.  In calculating statutory damages for willful infringement, which is a reasonable analogy to an award of punitive damages, courts routinely limit a plaintiff's recovery to three times the amount of the license fee for editorial use of the Photograph.  *See Fameflynet, Inc. v. Shoshanna Collection, LLC*, 282 F. Supp. 3d 618, 627 (S.D.N.Y. 2017) (approving the "general approach of trebling the highest license fee paid for use of the works" in calculating statutory damages and awarding $750 in statutory damages for willful infringement); *see also Sailor Music v. IML Corp.*, 867 F.

---

[6] Moreover, to the extent Plaintiff alleges that willful infringement is sufficient to state a claim for punitive damages, this argument is antithetical to Congress's prescription of remedies for willful infringement under the Copyright Act.  *See* 6 Patry on Copyright § 22:151 ("[A]ny desire to punish defendant for willful behavior . . . was addressed by Congress in the enhanced statutory provision of section 504(c)(2), thus rendering punitive damages unavailable under the 1976 Act.").

Supp. 565, 570 (E.D. Mich. 1994) (in cases of willful copyright infringement a "survey of statutory awards throughout the country . . . indicate[s] that . . . courts typically award three times the amount of a properly purchased license for each infringement"). Here, the highest license fee paid for the each of the three photos was $1.13, $11.41, and $6.27, respectively. O'Boyle Decl. Ex. 1. Trebling the sum of those fees amounts to $56.43—magnitudes less than the $30,000 in punitive damages that Plaintiff purports to seek here.

Thus, even assuming Plaintiff prevails on the merits, it is extremely unlikely that his damages will exceed the Rule 68 Offer. Nonetheless, given Plaintiff's refusal to resolve this matter on reasonable terms, LSI will be forced to continue litigating this case. A bond is necessary to ensure that LSI can recover at least a portion of the fees and costs it will be forced to expend.

**B.**   **Mr. Liebowitz's Well-Documented History of Violating Court Orders Weighs In Favor Of A Bond Here**

The sixth *Cruz* factor—compliance with past court orders—also confirms that a bond is warranted here. Mr. Liebowitz has a well-documented history of violating court orders, leading to an increasing cascade of sanctions orders issued against him in copyright cases such as this one. *See, e.g.*, *Usherson v. Bandshell Artist Management*, No. 19-CV_6368 (JMF), 2020 WL 3483661, at *22-24 (S.D.N.Y. June 26, 2020) (listing 40 cases detailing Mr. Liebowitz's misconduct and imposing sanctions). Indeed, as one court recently observed, since he commenced filing copyright cases in this district in 2017, "Mr. Liebowitz has become one of the most frequently sanctioned lawyers in this District for violations of court orders as well as dishonesty under oath." *Wilson*, 2020 WL 4883849, at *3.

Plaintiff will undoubtedly argue that the Court should focus on the fact that Mr. Liebowitz has not yet committed any such violations in the instant action, or that Plaintiff

himself has not violated any past court orders.  "[T]hese arguments completely miss the mark. [Plaintiff] selected an attorney with a profound history of misconduct and sanctionable offenses. 'While one can always hope that Liebowitz will comply with court orders in this case and conform his behavior to the standards of his chosen profession, it is difficult to be sanguine on this score given his track record.'"  *Id.* (quoting *Sadowski*, 2020 WL 3397714, at *4).  As other courts have readily found, "Mr. Liebowitz's record speaks for itself and indicates to this Court that imposition of the bond requested by Defendant is the prudent and proper course." *Wilson*, 2020 WL 4883849, at *3; *see also Mango*, 2019 WL 3325842, at *6 ("The history of Liebowitz's failure to comply with court orders counsels in favor of the imposition of an additional bond."); *Liebowitz*, 2018 WL 4519208, at *4 ("[Mr. Liebowitz's] history of non-compliance with court orders in similar actions justifies the imposition of a bond.").[7]

### C.      A Bond In the Amount of $25,000 Is Warranted

The Court has discretion in setting a bond amount under Local Civil Rule 54.2.  The immediate imposition of a bond in the amount of $25,000 is appropriate here and commensurate with bonds entered in similar cases, as detailed above.  *See supra* pp. 6-7.  Plaintiff has served more than 38 separate document requests, and the parties must conclude all discovery by October 14, 2020, requiring a significant amount of discovery work in the short term.[8] Defendant reserves the right to seek an additional bond should the course of litigation so require.

---

[7]  Mr. Liebowitz will also undoubtedly assert a constitutional argument in opposition to this motion "that the first amendment right to petition the federal government prohibits the requested bond unless the Court can 'conclusively determine' that [Plaintiff's] claim is frivolous." *Wilson*, 2020 WL 4883849, at *4.  "This argument is completely devoid of Merit." *Id.*; *see also Sadowski*, 2020 WL 3397714, at *4 (rejecting Mr. Liebowitz's First Amendment and Equal Protection arguments as "lack[ing] merit" and based on a "misunderstand[ing]" of the law).

[8]  Even putting aside the attorneys' fees LSI will be required to incur, the taxable costs, including the costs of deposition transcripts and costs of electronic discovery (which may be

*****

Defendant does not make this request lightly.  But this is indisputably a case in which Mr. Liebowitz's is seeking to wield the high costs of defense as leverage to force a settlement far in excess of his client's damages.  Having made a good faith Rule 68 Offer in an attempt to resolve this matter, Defendant should not be left without recourse if Plaintiff ultimately recovers less than this offer—a near certainty here.

## CONCLUSION

For all of the foregoing reasons, Defendant LSI respectfully requests that the Court issue an order requiring Plaintiff to post a bond as security for costs in the amount of $25,000 dollars.

---

significant given the breadth of Plaintiff's 38 document requests), will certainly be substantial and likely to exceed $5,000.

Dated:   New York, New York
         August 26, 2020

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP


By: /s/ Laura O'Boyle
    Laura O'Boyle

200 Park Avenue
New York, New York 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
Email: LOBoyle@gibsondunn.com

*Attorneys for Lorraine E. Schwartz, Inc.*