UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUIS YLLANES, | |
| *Plaintiff,* | Docket No. 1:20-cv-03963 (JSR) |
| - against - | |
| LORRAINE SCHWARTZ, INC. | |
| *Defendant.* | |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR A
BOND AS SECURITY FOR COSTS AND FEES UNDER LOCAL RULE 54.2**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................................................... iii

INTRODUCTION ...................................................................................................................... 1

FACTUAL BACKGROUND ....................................................................................................... 2

LEGAL STANDARD ................................................................................................................. 3

ARGUMENT ........................................................................................................................... 4


POINT I:    UNDER U.S. COPYRIGHT LAW, A NON-PREVAILING DEFENDANT
            CANNOT SHIFT ATTORNEYS' FEES TO PLAINTIFF THROUGH A RULE 68
            OFFER OF JUDGMENT ............................................................................ 4

   A.  THE SUPREME COURT HOLDS THAT ONLY COSTS "PROPERLY AWARDABLE" UNDER THE
       RELEVANT SUBSTANTIVE STATUTE MAY BE SHIFTED PURSUANT TO RULE 68 ................... 4

   B.  UNDER THE COPYRIGHT ACT, A NON-PREVAILING DEFENDANT CANNOT SHIFT
       ATTORNEYS' FEES TO PLAINTIFF UNDER RULE 68 ............................................... 6

   C.  THE "RULE REVERSAL" THEORY ADOPTED BY SOME COURTS IN THIS DISTRICT SHOULD BE
       REJECTED AS CONTRARY TO THE RULES ENABLING ACT ...................................... 9


POINT II:   L.R. 54.2 SHOULD NOT APPLY TO MERITORIOUS INFRINGEMENT
            ACTIONS WITH NO COLORABLE DEFENSE ................................................ 11


POINT III:  DEFENDANT HAS FAILED TO SHOW THAT PLAINTIFF IS FINANCIALLY
            INCAPABLE OF SATISFYING A JUDGMENT ................................................ 13


POINT IV:   DEFENDANT HAS FAILED TO PRESENT ANY EVIDENCE THAT
            PLAINTIFF VIOLATED ANY COURT ORDER IN THIS ACTION ................ 14


POINT VI:   THE COURT SHOULD AWARD PLAINTIFF HIS ATTORNEYS' FEES FOR
            OPPOSING DEFENDANT'S MOTION ............................................................ 15


CONCLUSION ....................................................................................................................... 15

# TABLE OF AUTHORITIES

### CASES

*Aggarwal v. Ponce Sch. of Med.*,
   745 F.2d 723, 728 (1st Cir. 1984) ......................................................................................... 11

Atlanta Shipping Corp. v. Chemical Bank,
   631 F.Supp. 335, 352 (S.D.N.Y.1986) .................................................................................... 3

*Beautiful Jewellers Private Ltd. v. Tiffany & Co.,* No. 06 CIV. 3085 KMW FM, 2008 WL
   2876508, at *2 (S.D.N.Y. July 21, 2008) ............................................................................. 13

*Boisson v. Banian Ltd.*,
   221 F.R.D. 378, 381 (E.D.N.Y. 2004) ........................................................................... passim

*Brandt v. Magnificent Quality Florals Corp.*,
   No. 07-20129-CIV, 2011 WL 4625379, at *20 (S.D. Fla. Sept. 30, 2011) ............................. 9

*Bruce v. Weekly World News, Inc.*,
   203 F.R.D. 51, 54–55 (D. Mass. 2001) ............................................................................... 7, 9

*Bryant v. Media Right Productions, Inc.,*
   603 F.3d 135, 144 (2d Cir.2010) .......................................................................................... 12

*Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human*
   *Resources*,
   532 U.S. 598 (2001) ............................................................................................................... 5

*Champion Produce, Inc. v. Ruby Robinson Co., Inc.*,
   342 F.3d 1016,  1029 (9th Cir. 2003) ..................................................................................... 5

*Chicoineau v. Bonnier Corp.,*
   No. 18-CV-3264 (JSR), 2018 WL 6039387, at *1 (S.D.N.Y. Oct. 16, 2018) ........................ 14

*Crossman v. Marcoccio*,
   806 F.2d 329 (1st Cir. 1986) .................................................................................................. 5

*E.E.O.C. v. Bailey Ford, Inc.*,
   26 F.3d 570 (5th Cir. 1994) ................................................................................................... 5

*Gary Friedrich Enterprises, LLC v. Marvel Enterprises, Inc.*,
   No. 08 CIV. 01533, 2010 WL 3452375, at *2 (S.D.N.Y. Sept. 1, 2010) ........................ passim

*Harbor Motor Co., Inc. v. Arnell Chevrolet–Geo, Inc.*,
   265 F.3d 638 (7th Cir. 2001) .......................................................................................... passim

*Hensley v. Eckerhart,*
 461 U.S. 424, 433 (1982) ........................................................................................ 5

*Johnson v. Kassovitz,*
 No. 97 Civ. 5789(DLC), 1998 WL 655534, *1 (S.D.N.Y. Sept. 24, 1998) ............................ 3

*Jordan v. Time, Inc.,*
 111 F.3d 102, 105 (11th Cir. 1997) .............................................................. passim

*Le v. University of Pennsylvania,*
 2001 WL 849707, *6 (E.D. Penn. July 13, 2001) ........................................................ 5

*Le v. University of Pennsylvania,*
 321 F.3d 403, 410–11 (3d Cir. 2003) ..................................................................... 5

*Mango v. Democracy Now! Prods., Inc.,*
 No. 18-CV-10588 (DLC), 2019 WL 3325842, at *4 (S.D.N.Y. July 24, 2019) ................. 9, 10

*Marek v. Chesny,*
 473 U.S. 1, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985) ............................................. passim

*Martinka v. New Tang Dynasty Television, Inc.,*
 1:19-cv-05170 (JMF) (Dkt. # 18, 7/23/19) .............................................................. 12

*N'Jai v. New York State Higher Educ. Servs. Corp.,*
 214 F.R.D. 251, 252 (E.D.N.Y. 2003) ................................................................... 13

*Newton v. The Walt Disney Company, et al.,*
 1:19-cv-02872 (VM) (Dkt. # 26, dated 7/1/19) ....................................................... 12

*O'Brien v. City of Greers Ferry,*
 873 F.2d 1115, 1120 (8th Cir. 1989) ................................................................... 5

*Payne v. Milwaukee County,*
 288 F.3d 1021, 1027 (7th Cir. 2002) ................................................................... 5

*Poteete v. Capital Engineering, Inc.,*
 185 F.3d 804, 807–08 (7th Cir. 1999) ................................................................. 5

*RLS Assocs., LLC v. United Bank of Kuwait PLC,*
 464 F. Supp. 2d 206, 209 (S.D.N.Y. 2006) .......................................................... 13

*Sands v. CBS Interactive, Inc.,*
 18-cv-7345 (JSR), 2019 WL 1447014 (S.D.N.Y. March 13, 2019) ......................... 14

*Sea Trade Co. v. FleetBoston Fin. Corp.*,
   No. 03 CIV. 10254 (JFK), 2008 WL 161239, at *2 (S.D.N.Y. Jan. 15, 2008) ...................... 13

*Seidman v. Authentic Brands Grp. LLC*,
   No. 19-CV-8343 (LJL), 2020 WL 1922375 (S.D.N.Y. Apr. 21, 2020) ........................... passim

*Selletti v. Carey*,
   173 F.R.D. 96, 100–101 (S.D.N.Y.1997) ................................................................. 3

*Spitzer v. Shanley Corp.*,
   151 F.R.D. 264, 267 (S.D.N.Y. 1993) ..................................................................... 3

*Stanczyk*,
   752 F.3d at 281 (2d Cir. 2014) .......................................................................... 5, 6

*UMG Recordings, Inc. v. Shelter Capital Partners LLC*,
   667 F.3d 1022, 1048 (9th Cir. 2011) ..................................................................... 8

*United States v. Trident Seafoods Corp.*,
   92 F.3d 855, 860 (9th Cir.1996) .......................................................................... 5

*Util. Automation 2000 v. Choctawhatchee Elec. Coop., Inc.*,
   298 F.3d 1238, 1246 n. 6 (11th Cir. 2002) .............................................................. 9

*Wilson v. D'Apostrophe Design Inc.*,
   No. 20-CV-0003-LAK-KHP, 2020 WL 4883849, at *3 (S.D.N.Y. Aug. 20, 2020) ................. 9

Plaintiff Luis Yllanes ("Plaintiff") respectfully submits this memorandum of law in opposition to Defendant Lorraine Schwartz, Inc. ("Defendant")'s motion seeking imposition of bond for costs pursuant to Local Rule 54.2 of this Court in the amount of $25,000

For the following reasons, Plaintiff respectfully submits that Defendant's motion should be denied as a "pay-to-play" tactic which violates the U.S. Supreme Court's holding in *Marek v. Chesney*, 473 U.S. 1 (1985), undermines the plain language of section 505 of the Copyright Act, and contravenes the majority rule in the Circuit courts.  To the extent the Court finds that a bond is appropriate under L.R. 54.2, the amount of a bond should not exceed $1000.00, which represents the actual hard costs that Defendant may reasonably expend in defense of this litigation.

## INTRODUCTION

To read *Marek* or Rule 68 to require the Court to award attorneys' fees to a non-prevailing party -- when Congress carefully limited the right to attorneys fees' under Section 505 to a prevailing party -- would be to modify the substantive statute, to deprive a portion of that statute of meaning, and to require as a matter of Rule a fee award that is not properly awardable as a matter of statute. Nothing in the caselaw permits such a result.

- *Seidman v. Authentic Brands Grp. LLC*, No. 19-CV-8343 (LJL), 2020 WL 1922375, at *6 (S.D.N.Y. Apr. 21, 2020).

Defendant asks the Court to impose a $25,000 bond on Plaintiff, an individual Artist, as a pre-condition to the Court's consideration of his meritorious infringement claim.  The basis for Defendant's request is two-fold.  <u>First</u>, Defendant speculates that it will be able to recover its post-offer attorneys' fees under Rule 68 even if held liable for violating the Copyright Act. <u>Second</u>, it encourages the Court to penalize Plaintiff's counsel, Liebowitz Law Firm, ("LLF"), for being sanctioned in other matters -- even though neither LLF nor Plaintiff have violated any

court orders or rules in this particular case.  Neither reason provides sufficient grounds to erect an arbitrary "tool booth" at the courthouse steps.

Defendant's motion is based on a flawed legal theory that a *non-prevailing* defendant can shift fees to plaintiff under Rule 68 after being found liable for copyright infringement.  This theory has been consistently rejected by the majority of Circuit courts to have addressed the issue and has never been applied in this Circuit (other than as dicta).  The U.S. Supreme Court's decision in *Marek* requires that the term "costs" under Rule 68 shall only include those costs that are "properly awardable" under the substantive statute which, in this case, is the Copyright Act. Section 505 provides that only the "prevailing party" may recover attorneys' fees.  17 U.S.C. § 505.  Thus, because Rule 68 is only available to a *non-prevailing* defendant, fees cannot be shifted under Rule 68 as a matter of law.

Given that Defendant's request for a bond is predicated on fee-shifting under Rule 68, it should be denied or otherwise limited to the amount of Defendant's actual court costs, which are unlikely to exceed the cost of two transcripts, or about $1000.00.

## FACTUAL BACKGROUND

Plaintiff is a professional New Jersey-based professional photographer [Complaint, Dkt. # 1, ¶ 5]  Plaintiff created the three photographs of celebrity actress Blake Lively which are the subject of this lawsuit (the "Photographs") [*Id.* ¶ 7, Ex. A]  The Photographs are registered with the U.S. Copyright Office under VA 2-203-722, with effective date April 15, 2020. [*Id.* ¶ 9]

Defendant is a high-end jewelry designer which "has designed jewelry for a host of famous female celebrities including Beyonce, Blake Lively and Kim Kardashian." See https://en.wikipedia.org/wiki/Lorraine_Schwartz.  Defendant operates the business Instagram page at www.Instagram.com/LorraineSchwartz (the "Website"). [Complaint ¶ 6, Ex. B]

Defendant published the Photographs on the Website to promote its brand without Plaintiff's consent or authority. [Complaint ¶¶ 10-11, Ex. B]

Defendant has failed to assert any colorable defenses to liability. Instead, Defendant seeks to mitigate the amount of damages to be awarded to Plaintiff.

## LEGAL STANDARD

Courts in this Circuit consider the following factors in determining whether to require a party to post a bond pursuant to the rule: "(1) the financial condition and ability to pay of the party who would post the bond; (2) whether that party is a non-resident or foreign corporation; (3) the merits of the underlying claims; (4) the extent and scope of discovery; (5) the legal costs expected to be incurred; and (6) compliance with past court orders." *Gary Friedrich Enterprises, LLC v. Marvel Enterprises, Inc.*, No. 08 CIV. 01533, 2010 WL 3452375, at *2 (S.D.N.Y. Sept. 1, 2010); *Johnson v. Kassovitz,* No. 97 Civ. 5789(DLC), 1998 WL 655534, *1 (S.D.N.Y. Sept. 24, 1998) (citing *Selletti v. Carey,* 173 F.R.D. 96, 100–101 (S.D.N.Y.1997)).

A number of courts have stated that the purpose of the rule is that it "assures that a defendant who is sued will, if successful, at least be able to recoup its costs." *Atlanta Shipping Corp. v. Chemical Bank,* 631 F.Supp. 335, 352 (S.D.N.Y.1986) (emphasis added), *aff'd,* 818 F.2d 240 (2d Cir.1987); *accord Spitzer v. Shanley Corp.,* 151 F.R.D. 264, 267 (S.D.N.Y. 1993) ("Considering the local rule and the New York statute together, judges of this court have required the posting of security bonds when plaintiffs were non-residents or foreign corporations, defendants were expected to incur significant legal costs, plaintiffs' financial condition and ability to pay were doubtful, and the merits of plaintiffs' case were questionable").

## ARGUMENT

**POINT I: UNDER U.S. COPYRIGHT LAW, A NON-PREVAILING DEFENDANT CANNOT SHIFT ATTORNEYS' FEES TO PLAINTIFF THROUGH A RULE 68 OFFER OF JUDGMENT**

The thrust of Defendant's bond request for $25,000 is that even if Defendant is found liable for copyright infringement, it can recover its post-offer attorneys' fees under Rule 68. [Memo, Dkt. #17, p. 9 of 16 ("regardless of the outcome of this case on the merits, it is a near certainty that Plaintiff will recover less than Defendant's good faith Rule 68 Offer and thus will be required to pay LSI's costs and attorney's fees in this action.")

But in the 44 years since the Copyright Act was promulgated, no district court in this Circuit has ever awarded attorneys' fees to an adjudged copyright infringer under Rule 68. Defendant's theory remains just that: a theory. As demonstrated below, Congress did not contemplate that losing parties in a copyright action could recover their attorneys' fees by mere operation of a procedural rule. As such, Defedant's bond motion is worth no more than $1,000 in actual court costs.

**A.    THE SUPREME COURT HOLDS THAT ONLY COSTS "PROPERLY AWARDABLE" UNDER THE RELEVANT SUBSTANTIVE STATUTE MAY BE SHIFTED PURSUANT TO RULE 68**

In *Marek v. Chesny*, 473 U.S. 1 (1985), the U.S. Supreme considered whether Rule 68 costs include attorneys' fees where the offer of judgment is made in the context of civil rights litigation pursuant to 42 U.S.C. § 1983. The Supreme Court held that the term "costs" in Rule 68 encompasses "all costs properly awardable under the relevant substantive statute or other authority." *Marek*, 105 S.Ct. at 3017. As a result, "where . . . costs and fees are properly awardable only to the prevailing party, a defendant who has not prevailed is not entitled to

attorneys' fees when seeking to collect costs pursuant to Rule 68." *Boisson v. Banian Ltd.*, 221 F.R.D. 378, 381 (E.D.N.Y. 2004).[1]

Since *Marek* was decided, courts have addressed the issue of whether defendants have the right to recover post-offer attorneys' fees under Rule 68 in civil rights cases. The majority of Circuits hold that there is no such right to recovery. *See Crossman v. Marcoccio*, 806 F.2d 329 (1st Cir. 1986) (denying defendant post-offer attorneys' fees under Rule 68 in civil rights action); *Stanczyk*, 752 F.3d at 281 (2d Cir. 2014) ("we cannot conceive of a situation in which attorney's fees could be properly awardable to a non-prevailing defendant under Rule 68 in a civil rights action"); *Le v. University of Pennsylvania*, 321 F.3d 403, 410–11 (3d Cir. 2003) (denying defendant post-offer attorneys' fees under Rule 68 in civil rights action);[2] *E.E.O.C. v. Bailey Ford, Inc.*, 26 F.3d 570 (5th Cir. 1994) (same); *Payne v. Milwaukee County*, 288 F.3d 1021, 1027 (7th Cir. 2002) (same); *O'Brien v. City of Greers Ferry*, 873 F.2d 1115, 1120 (8th Cir. 1989) (same).[3]

---

[1] The Supreme Court defines a "prevailing party" as one who obtains an enforceable judgment on the merits or a court-ordered consent decree. *Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources*, 532 U.S. 598 (2001); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1982) (a plaintiff is considered a prevailing party "for attorney's fees purposes if [he] succeed[ed] on any significant issue in litigation which achieves some of the benefit the part[y] sought in bringing suit.")

[2] *See also Le v. University of Pennsylvania*, 2001 WL 849707, *6 (E.D. Penn. July 13, 2001) ("We do not believe that the purpose of Rule 68 was to broaden the types of costs otherwise "properly awardable" under the substantive statutory scheme applicable to a particular case.")

[3] "Cases involving other fee shifting statutes have similarly held that attorneys' fees may be recovered pursuant to Rule 68 only if such fees are 'properly awardable' under the relevant statute. If prevailing party status is a prerequisite to such an award, a defendant who has not 'prevailed' within the meaning of the statute, may not recover attorneys' fees as part of a Rule 68 award." *Boisson*, 221 F.R.D. at 381 (*citing Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1029 (9th Cir. 2003) (holding in a diversity breach of contract case that the cost-shifting provision of Rule 68 does not permit an award of post-offer attorneys' fees when the underlying state statute authorizes an award of attorneys' fees to a prevailing party as part of costs); *Poteete v. Capital Engineering, Inc.*, 185 F.3d 804, 807–08 (7th Cir. 1999) (denying defendant attorneys' fees in case arising under ERISA statute entitling fees only to prevailing party); cf. *United States v. Trident Seafoods Corp.*, 92 F.3d 855, 860 (9th Cir.1996) (denying defendant attorneys' fees in case brought pursuant to Clean Air Act which awards fees only if the action commenced against the defendant was "unreasonable")).

*In Stanczyk v. City of New York*, the Second Circuit addressed the question of whether a civil rights plaintiff could be held liable for a non-prevailing defendant's costs under Rule 68. The Court held that "Rule 68, when applicable, requires a prevailing plaintiff to pay defendant's post-offer costs, excluding attorney's fees." *Id.* at 281.  The Second Circuit emphasized that "our conclusion in no way dictates that a prevailing plaintiff such as *Stanczyk* would be liable for a defendant's postoffer attorney's fees - a result that would be at odds with Section 1988." *Id.* at 282.

Discussing the Supreme Court's ruling in *Marek*, the Second Circuit noted that "the term 'costs' in Rule 68 was intended to refer to all costs properly awardable under the relevant substantive statute or other authority." *Marek*, 473 U.S. at 9, 105 S.Ct. 3012.  The Court then stated as follows:

> Because a civil rights defendant can recover attorney's fees only when the plaintiff's claims are "vexatious, frivolous, or brought to harass or embarrass," and a prevailing plaintiff by virtue of her victory exceeds this standard, *we cannot conceive of a situation in which attorney's fees could be properly awardable to a non-prevailing defendant under Rule 68 in a civil rights action.*

> *Stanczyk*, 752 F.3d at 281 (citations omitted) (italics added).

The Second Circuit's ruling in *Stancyk* clearly suggests that the same logic applicable to civil rights actions under Rule 68 operates to preclude the shifting of attorneys' fees to a non-prevailing defendant in a copyright case.

**B.   UNDER THE COPYRIGHT ACT, A NON-PREVAILING DEFENDANT CANNOT SHIFT ATTORNEYS' FEES TO PLAINTIFF UNDER RULE 68**

The Supreme Court's holding in *Marek* has also been extended from civil rights cases to copyright law, where the relevant substantive statute provides that only the "prevailing party" is entitled to recover attorneys' fees.  17 U.S.C § 505.   The majority of Circuit courts hold that because the Copyright Act only permits a "prevailing party" to recover attorneys' fees "as costs,"

a copyright plaintiff cannot be liable for a non-prevailing defendant's post-offer attorneys' fees under Rule 68. *See, e.g.*, *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 667 F.3d 1022, 1048 (9th Cir. 2011) ("We agree with the district court that, because it found that attorney's fees were not "properly awardable" under § 505 in this case, fees could not be awarded under Rule 68"); *Harbor Motor Co., Inc. v. Arnell Chevrolet–Geo, Inc.*, 265 F.3d 638 (7th Cir. 2001) (under the Copyright Act, a non-prevailing defendant cannot recover attorneys' fees as part of a Rule 68 award); *Energy Intelligence Group, Inc. v. Kayne Anderson Capital Advisors, L.P.*, 948 F.3d 261, 280 (5th Cir. 2020) (describing *Harbor Motor Co. Inc.* and *UMG Recordings, Inc.* with favor and stating that, "[u]nder *Marek*, attorney's fees are not 'properly awardable' to a non-prevailing party where the substantive statute only authorizes prevailing parties to recover fees as part of costs"); *cf. Jordan v. Time, Inc.*, 111 F.3d 102, 105 (11th Cir. 1997) (finding that post-offer attorneys' fees are recoverable under Rule 68, but without providing any analysis).

In a comprehensive decision entered on April 21, 2020, the Honorable Judge Liman adopted the approach of the Seventh and Ninth Circuit by rejecting the notion that an adjudged copyright infringer could recover its fees under Rule 68.

> The most faithful reading of *Marek*, Rule 68, and Section 505 is that attorneys' fees are not available as costs under Rule 68 to a non-prevailing party. Rule 68 makes attorneys' fees part of costs only when attorneys' fees would be 'properly awardable' under Section 505. *Marek*, 473 U.S. at 9. Section 505 does not make attorneys' fees available for any party to claim. Rather, it limits the persons eligible to receive attorneys' fees to 'prevailing part[ies].' 17 U.S.C. § 505.

*Seidman*, 2020 WL 1922375, at \*5 (S.D.N.Y. Apr. 21, 2020); accord *Boisson*, 221 F.R.D. at 381 (same); *Bruce v. Weekly World News, Inc.*, 203 F.R.D. 51, 54–55 (D. Mass. 2001) (same).

Judge Liman's decision echoes Judge Wexler's earlier opinion in *Boisson*. There, the defendant in a copyright action made a Rule 68 offer of judgment in the amount of $12,000. After trial and appeal, Plaintiff was ultimately awarded less than $12,000. Defendant thereafter

sought $85,000 in post-offer attorneys' fees.  Based on *Marek's* holding, the analogous cases

involving fee-shifting statutes, and the Seventh Circuit's approach in *Harbor Motor,* Judge

Wexler determined that under the Copyright Act, a non-prevailing defendant could not shift fees

to plaintiff by way of Rule 68.

> Particularly persuasive is the opinion of the Seventh Circuit Court of Appeals in *Harbor Motor*, where the court denied Rule 68 attorneys' fees in a copyright case on the ground that the party seeking fees was not the prevailing party. *Harbor Motor*, 265 F.3d at 647. As in *Harbor Motor*, the party seeking an award of attorney's fees here has not been deemed the prevailing party in the litigation. In view of the fact that the Copyright Act allows an award of attorneys' fees only to such a party, the court holds that attorney's fees are not "properly awardable," to Defendant within the meaning of *Marek*. Accordingly, the court denies Defendant's Rule 68 motion for attorneys' fees.

> *Boisson*, 221 F.R.D. at 382.

Significantly, *Seidman* and *Boisson* rejected the minority view adopted by the Eleventh

Circuit in *Jordan v. Time, Inc.*, 111 F.3d at 102.  In *Jordan*, the Eleventh Circuit held (without

reasoned analysis) that a non-prevailing defendant could shift attorneys' fees to a copyright

plaintiff under Rule 68.  *Id*. at 105.  Judge Wexler noted that the court in *Jordan* failed to

consider *Marek's* holding that only "costs" which are "properly awardable" under the relevant

substantive statute may be encompassed by Rule 68.  *Boisson* at 382.

Indeed, the majority of courts outside this District have flatly rejected *Jordan* for failing

to adhere to the Supreme Court's holding in *Marek.  See, e.g.*, *Harbor Motor Co.*, 265 F.3d at

646 ("The court in *Jordan* . . . did not confront squarely the requirement in section 505 of the

Copyright Act that a party seeking attorney's fees must be a prevailing party"); *Le v. University

of Pennsylvania*, 2001 WL 849707 at *6 ("What the Eleventh Circuit neglected to discuss was

the Copyright Act's allowance of an award of attorneys' fees as costs to a 'prevailing party.' 17

U.S.C. § 505"); *UMG Recordings, Inc.*, 667 F.3d 1022, fn. 23 ("In *Champion*, 342 F.3d at 1029–

31, we reaffirmed *Trident's* application of *Marek* and explicitly rejected the Eleventh Circuit's

approach in *Jordan"*); *Bruce*, 203 F.R.D. at 56; *Brandt v. Magnificent Quality Florals Corp.*,
No. 07-20129-CIV, 2011 WL 4625379, at *20 (S.D. Fla. Sept. 30, 2011) (collecting cases); *see
also Util. Automation 2000 v. Choctawhatchee Elec. Coop., Inc.*, 298 F.3d 1238, 1246 n. 6 (11th
Cir. 2002) (recognizing that *Jordan* has been subject to criticism in other circuits).

In *Bruce v. Weekly World News,* the district court of Massachusetts explained why the
Eleventh Circuit's approach in *Jordan* was contrary to public policy:

> [A]s a policy matter, the *Jordan* result is, I believe, unwise, as it would virtually compel
> copyright plaintiffs, who typically, as here, enter the fray with far fewer resources at their
> disposal than the media conglomerates against whom they are arrayed, to accept an Offer
> of Judgment no matter how meritorious may be their case, for fear of resulting exposure
> to what are often, as here, substantial claims of attorney's fees.

> *Bruce*, 203 F.R.D. at 56.

Indeed, in the 44 years since the Copyright Act was enacted, no district court in this
Circuit has ever awarded an adjudged copyright infringer its attorneys' fees under Rule 68.  Such
a result would be plainly unconscionable and contrary to the public interest in holding copyright
infringers accountable for their conduct, regardless of the monetary outcome. It must be
remembered that damages are not even an element of a copyright infringement, so undue
emphasis should be placed on the monetary result of an infringement action by way of Rule 68.

## C.   THE "RULE REVERSAL" THEORY ADOPTED BY SOME COURTS IN THIS DISTRICT SHOULD BE REJECTED AS CONTRARY TO THE RULES ENABLING ACT

The majority Circuit rule, along with *Seidman and Boisson,* stands in contrast to Judge
Cote's decision in *Mango v. Democracy Now! Prods., Inc.,* No. 18-CV-10588 (DLC), 2019 WL
3325842, at *4 (S.D.N.Y. July 24, 2019) (holding that "because Rule 68 reverses Rule 54(d)," a
non-prevailing copyright infringer can recover its fees under Rule 68); *see also Wilson v.
D'Apostrophe Design Inc.*, No. 20-CV-0003-LAK-KHP, 2020 WL 4883849, at *3 (S.D.N.Y.
Aug. 20, 2020) (adopting *Mango* and rejecting *Seidman* on the same rule reversal theory).

The rationale employed by *Mango* and *Wilson*, which seek to elevate procedural rules over substantive law, contravenes the Rules Enabling Act, which provides that the Supreme Court may "prescribe general rules of practice and procedure . . . in the United States district courts" but that "[s]uch rules shall not abridge, enlarge or modify any substantive right."  28 U.S.C.A. § 2072(a)-(b).  Here, by limiting fee-shifting to the "prevailing party" under section 505 of the Copyright Act, Congress has accorded Plaintiff a substantive right to prosecute his copyright infringement claims to final judgment without fear of having to pay the losing party's attorneys' fees through operation of a procedural rule.

The analysis in *Mango* and *Wilson* also elevates administrative considerations over substantive law.  These decisions rest on the policy that judicial economy is best served by frightening individual, working-class copyright holders into accepting whatever Rule 68 offer is made by a corporate infringer, or risk potential financial ruin. While settling cases quickly undoubtedly serves judicial economy, it does not necessary serve the public interest in protecting against widescale copyright piracy and holding infringers accountable for their theft of intellectual property.  Only a final judgment of liability which establishes the Defendant's *fault* can serve that important public interest, the very interest which the Copyright Act was designed to protect.

In light of the thorough, well-reasoned analysis in *Seidman*, it is evident that Congress did not permit adjudged copyright infringers, who are non-prevailing parties *regardless of the monetary damages awarded*, to shift fees under the Copyright Act.  Two procedural rules – Rule 58 and Rule 54(d) – cannot be utilized to modify the plain statutory language of 17 U.S.C. § 505. Nor can the interests of judicial economy underlying Rule 68, as significant an interest it is,

eclipse the constitutional necessity of holding infringers accountable for their conduct by entry of liability *with fault.*

In sum, Plaintiff respectfully requests that the Court adopt the U.S. Supreme Court's holding in *Marek,* the Seventh Circuit in *Harbor Motor*, Ninth Circuit in *UMG Recordings,* Judge Liman's decision in *Seidman;* and Judge Wexler's E.D.N.Y. decision in *Boisson*, and determine as a matter of law that Rule 68 "costs" do not include a non-prevailing defendant's post-offer attorneys' fees.

**POINT II:    L.R. 54.2 SHOULD NOT APPLY TO MERITORIOUS INFRINGEMENT ACTIONS WITH NO COLORABLE DEFENSE**

"[T]oll-booths cannot be placed across the courthouse doors in a haphazard fashion." *Aggarwal v. Ponce Sch. of Med.*, 745 F.2d 723, 728 (1st Cir. 1984)

Defendant's 14- page memorandum of law is completely silent as to whether Defendant has a defense to liability.  Yet, Defendant is unwilling to outright concede liability, which would conserve a tremendous amount of judicial and party resources.  Instead, it seeks to waste the Court's time with ancillary motion practice calculated to derail a meritorious infringement claim. But without a colorable defense to its unlawful conduct, Plaintiff respectfully submits that the Court should reject awarding Defendant the "prize" of a $25,000 bond.

As explained in *Gary Friedrich Enterprises, LLC v. Marvel Enterprises, Inc.*, No. 08-cv-01533, 2010 WL 3452375, at *4 (S.D.N.Y. Sept. 1, 2010), Defendant must also bear the burden of showing that it is likely to be awarded its attorneys' fees and costs under 17 U.S.C. § 505, which are "not automatically awarded to every victorious defendant but rather are within the court's discretion to grant." *Id.*  In deciding whether such an award is warranted, "district courts may consider such factors as (1) the frivolousness of the non-prevailing party's claims or defenses; (2) the party's motivation; (3) whether the claims or defenses were objectively

unreasonable; and (4) compensation and deterrence." *Bryant v. Media Right Productions,*

*Inc.,* 603 F.3d 135, 144 (2d Cir.2010) (citing *Fogerty v Fantasy,* 510 U.S. 517 (1994) (holding

that in order to recover fees under section 505, a defendant must establish that plaintiff's

infringement action is 'objectively unreasonable,' among other factors.").

Here, Defendant has made no showing whatsoever that Plaintiff's infringement claim is

objectively unreasonable, i.e., patently contrary to existing law or unsupported in fact. Instead, it

primarily rests on *ad hominen* attacks against Richard Liebowitz and the Liebowitz Law Firm.

Courts in this District have outright denied requests for bonds where the plaintiff's claims

were found to be colorable at the initial phase of litigation.  *See, e.g., Newton v. The Walt Disney*

*Company, et al.*, 1:19-cv-02872 (VM) (Dkt. # 26, dated 7/1/19) (denying request for bond and

stating "[t]he Court is persuaded that the Amended Complaint raises substantial issues of fact

likely to be in dispute, as well as matters of visual perception about which reasonable people

may differ."); *Martinka v. New Tang Dynasty Television, Inc.*, 1:19-cv-05170 (JMF) (Dkt. # 18,

7/23/19) ("the Court declines Defendant's request to require the posting of a bond. In particular,

although the Court reserves judgment pending a decision on Defendant's motion to dismiss, it is

not persuaded that Defendant is likely to prevail (let alone at the motion-to-dismiss stage) on its

claim of fair use").  These cases mark the correct judicial approach to bond motions, which is

that meritorious infringement claims should not be financially impeded by application of a local

rule.

Defendant has also failed to show that Plaintiff's lawsuit is improperly motivated.  Nor

has Defendant explained how fee-shifting would further the purposes of the Copyright Act.

Finally, Defendant doesn't deserve to be compensated for its fees.  The Copyright Act places the

public on notice that it is a violation of federal law to steal photographs.  By failing to secure a

valid license before publishing the Photographs, Defendant assumed the risk of litigation and all costs associated therewith.

**POINT III:**   **DEFENDANT HAS FAILED TO SHOW THAT PLAINTIFF IS FINANCIALLY INCAPABLE OF SATISFYING A JUDGMENT**

L.R. 54.2 requires the movant to demonstrate that the Plaintiff lacks the financial capacity to satisfy an ultimate judgment, *Gary Friedrich Enterprises,* 2010 WL 3452375, at \*2.  Thus, a bond is typically ordered where the defendant has an "understandable concern regarding [plaintiff]'s real ability to pay any eventual attorneys' fees or costs" should the defendant prevail and when the record shows that plaintiff "had no assets."  *RLS Assocs., LLC v. United Bank of Kuwait PLC*, 464 F. Supp. 2d 206, 209 (S.D.N.Y. 2006).  A plaintiff's "lack of assets furnishes a sufficient basis for compelling the pretrial posting of a bond in a fair and appropriate amount." *Id.*; *see also Sea Trade Co. v. FleetBoston Fin. Corp.*, No. 03 CIV. 10254 (JFK), 2008 WL 161239, at \*2 (S.D.N.Y. Jan. 15, 2008) ("a party's apparent financial inability to pay prospective costs is sufficient in and of itself to justify an order requiring the posting of a cost bond under Rule 54.2.")

Courts deny bond motions where a defendant has failed to demonstrate a plaintiff's inability to satisfy a judgment.  *N'Jai v. New York State Higher Educ. Servs. Corp.*, 214 F.R.D. 251, 252 (E.D.N.Y. 2003) (defendant "has not made an adequate showing that the plaintiff will be unable to pay a judgment of costs. [Defendant] provides no information concerning the plaintiff's financial condition.").[4]

---

[4] Conversely, a bond may be ordered where a defendant presents evidence that plaintiff has transferred assets to avoid satisfaction of a judgment.  *Beautiful Jewellers Private Ltd. v. Tiffany & Co.,* No. 06 CIV. 3085 KMW FM, 2008 WL 2876508, at \*2 (S.D.N.Y. July 21, 2008) ("Tiffany has proffered a series of documents which support its belief that BJPL and the Mehtas transferred all of BJPL's assets to a different company in order to avoid a levy against them in connection with the ten million dollar judgment . . .")

Here, Defendant has not even attempted to show that Plaintiff is impecunious or otherwise unable to satisfy a judgment in this proceeding.  For that reason alone, the request for bond should be denied outright.

**POINT IV:     DEFENDANT HAS FAILED TO PRESENT ANY EVIDENCE THAT PLAINTIFF VIOLATED ANY COURT ORDER IN THIS ACTION**

Defendant has failed to show that Plaintiff has violated any Court orders in this case (or in any other cases he has filed in this District over the last four years). *See RLS Assocs.*, 2005 WL 578917, at *1 (denying bond motion where "there is no history of noncompliance with prior orders"). That's because Plaintiff has never violated any Court orders.  Nor has Plaintiff ever been sanctioned or had to pay a defendant's costs or attorneys' fees. Having failed to show that Plaintiff violated any court orders, the bond motion should be denied.

The Court should also reject Defendant's argument that a $25,000 bond is warranted based on the identity of Plaintiff's counsel.  While Plaintiff's counsel has been sanctioned in the past, Plaintiff's counsel has also achieved many victories in this District without being sanctioned, including before this Court.  *See, e.g., Sands v. CBS Interactive, Inc.,* 18-cv-7345 (JSR), 2019 WL 1447014 (S.D.N.Y. March 13, 2019) (granting summary judgment to photographer); *Chicoineau v. Bonnier Corp.,* No. 18-CV-3264 (JSR), 2018 WL 6039387, at *1 (S.D.N.Y. Oct. 16, 2018) (same).

**POINT V:     ANY BOND REQUIREMENT SHOULD NOT EXCEED THE AMOUNT OF DEFENDANT'S ACTUAL HARD COSTS**

For the foregoing reasons, the Court should deny Defendant's motion for a bond in its entirety.  However, if the Court finds that a bond is appropriate after analyzing the requisite factors, then the bond amount should not exceed the *actual hard costs* that Defendant could reasonably expect to recover on Rule 68, which is no more than the out-of-pocket costs incurred for obtaining two deposition transcripts, or approximately $1000.00.

**POINT VI:**   **THE COURT SHOULD AWARD PLAINTIFF HIS ATTORNEYS' FEES FOR OPPOSING DEFENDANT'S MOTION**

Plaintiff respectfully requests that the Court award Plaintiff his attorneys' fees for opposing this motion on grounds that it was discouraged by the Court. The entire purpose of the pre-motion conference procedure is to ultimately dissuade a movant from filing a motion that stands little chance of success (even though a movant is free to file any motion it likes)

On August 18, 2020, upon Defendant's request, the Court held a conference via telephone on Defendant's proposed bond motion and later that day the Court in an email expressed skepticism on the motion.  Notwithstanding, even after the Court referred this matter to Magistrate Judge Cott for settlement, Defendant persisted and filed its L.R. 54.2 motion.

Defendant has squandered judicial and party resources in an attempt to derail a meritorious infringement claim and gain leverage in settlement proceedings before the Magistrate.  Such gamesmanship should not be without consequences.  For that reason, Plaintiff respectfully requests that the Court should award Plaintiff's fees in connection with this motion.

## CONCLUSION

Based on the foregoing, the Court should DENY Defendant's motion in its entirety or, in the alternative, limit any bond to the amount of $1000.00. Plaintiff also respectfully requests that

in the event the Court denies the motion, the Court should award Plaintiff's fees in connection

with opposing this motion under the Court's inherent power.

Dated: September 2, 2020
Valley Stream, NY

Respectfully submitted,

LIEBOWITZ LAW FIRM, PLLC

**s/richardliebowitz/**
Richard Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorney for Plaintiff Luis Yllanes*