```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
LUIS YLLANES                            :
                                        :
      Plaintiff,                        :
                                        :    20 Cv. 3963 (JSR)
         -v-                            :
                                        :    ORDER
                                        :
LORRAINE SCHWARTZ, INC.,                :
                                        :
      Defendant.                        :
----------------------------------------x
```

JED S. RAKOFF, U.S.D.J.

Following the rejection of its Rule 68 offer, defendant Lorraine E. Schwartz, Inc. ("LSI") filed this motion seeking a $25,000 bond pursuant to Local Rule 54.2 in this copyright action, brought by plaintiff Luis Yllanes, by and through his attorney, Richard Liebowitz, Esq. Courts in this circuit have split over the narrow – but frequently litigated – issue of whether to require clients of Mr. Liebowitz to post such bonds before proceeding with their claims under the Copyright Act. Compare, e.g., Mango v. Democracy Now! Productions, Inc., No. 18-cv-10588 (DLC), 2019 WL 3325842 (S.D.N.Y. Jul. 24, 2019) (ordering plaintiff to post a $50,000 bond) & Rice v. Musee Lingerie, LLC, No. 18-cv-9130 (AJN), 2019 WL 2865210 (S.D.N.Y. Jul. 3, 2019) (ordering plaintiff to post bond in amount to be determined later), with Seidman v. Authentic Brands Group LLC, 19-cv-8343 (LJL), 2020 WL 1922375 (S.D.N.Y. Apr. 21, 2020) (denying defendant's motion for a bond).

1

The Court is not unsympathetic to LSI's concerns that Mr. Liebowitz, who has earned a reputation as perhaps "the most frequently sanctioned lawyer . . . in the District," see generally Usherson v. Bandshell Artist Management, No. 19-cv-6368 (JMF), 2020 WL 3483661 (S.D.N.Y. June 26, 2020), has denied LSI's Rule 68 offer because he is "seeking to wield the high costs of defense as leverage to force a settlement far in excess of his client's damages." See Memorandum of Law in Support of Defendant's Motion for an Order Requiring Plaintiff to Post a Bond, Dkt. No. 17, at 14. Nevertheless, the Court finds itself in agreement with Judge Liman's well-reasoned opinion in Seidman and therefore, for essentially the same reasons as in Seidman, denies LSI's motion for a bond.

However, because LSI's motion was far from spurious, the Court likewise denies plaintiff's counter-request for attorneys' fees in connection with this motion.

The Clerk of the Court is directed to close the motion at docket entry 16.

SO ORDERED.

Dated: New York, NY
September 10, 2020

JED S. RAKOFF, U.S.D.J.